UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL T. ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19-cv-00560-JPH-MJD |
| | ) |
| AMBER WALLACE, et al. | ) |
| | ) |
| Defendants. | ) |

**Order on Pending Motions**

**I.**

On April 16, 2020, the plaintiff filed a motion to reconsider the dismissal of claims raised in the amended complaint regarding a bathroom policy at his facility's law library. According to the amended complaint, an inmate who leaves the law library to use the bathroom may not return until his next law library appointment. In the Order screening the amended complaint, the Court construed these allegations as an access to courts claim. In the motion to reconsider, the plaintiff asks the Court to construe these allegations as a cruel and unusual punishment claim, a procedural due process claim, and an equal protection claim.

The Seventh Circuit has summarized the role of motions to reconsider as follows:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted). In other words, "[m]otions to reconsider are not replays of the main event.'" *Dominguez v. Lynch*, 612 F. App'x 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696

1

(7th Cir. 2014)). Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present *newly* discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (emphasis added). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1269–70.

A temporary denial of law library access does not rise to the level of inhumane treatment that is proscribed by the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (Eighth Amendment rights include freedom from excessive force, protection from other inmates, "adequate food, clothing, shelter, and medical care."); *see also Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001) ("a denial of yard privileges for no more than 90 days at a stretch is not cruel and unusual punishment.").

Due process protections are "generally limited to freedom from restraint which . . . impose atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandlin v. Conner*, 512 U.S. 472, 484 (1995). "In the absence of such 'atypical and significant' deprivations, the procedural protections of the Due Process Clause will not be triggered." *Lekas v. Briley*, 405 F.3d 602, 608 (7th Cir. 2005). A temporary lack of law library access is not an "atypical and significant hardship," and the plaintiff's due process claim may not proceed.

The plaintiff's equal protection claim fails because there is no allegation that he was discriminated against because of his membership in a particular class. *Herro v. City of Milwaukee*, 44 F.3d 550, 552 (7th Cir. 1995) (internal quotation omitted). Simply receiving different or unfair treatment is not enough to raise an equal protection violation. *Sherwin Manor Nursing Ctr. v. McAuliffe*, 37 F.3d 1216, 1220 (7th Cir. 1994); *Huebschen v. Department of Health & Soc. Servs.*, 716 F.2d 1167, 1171 (7th Cir.1983).

For these reasons, the plaintiff's motion to reconsider, dkt. [41], is **denied**.

## II.

On April 21, 2020, the plaintiff filed a motion to supplement pleadings. However, the motion is better understood as a motion to reconsider the Order dismissing the plaintiff's retaliation claims against Mr. Fischer, Ms. Mills, and Ms. Hinton and providing the plaintiff an opportunity to file these claims in a new action. Dkt. 34. The plaintiff does not argue that the Court has misconstrued his claims or that the dismissal should be reconsidered in light of additional evidence. Based on the legal standard for motions to reconsider set forth in Part I, and for the reasons set forth in the Order screening the amended complaint, this motion, dkt. [43], is **denied**.

## III.

On April 21, 2020, the plaintiff filed a motion for assistance recruiting counsel. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Walker*, 900 F.3d at 938 (internal quotations omitted). These

questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt,* 503 F.3d 647, 653 (7th Cir. 2007); *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because neither of the plaintiff's requests for counsel showed that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion) (citing *Pruitt*, 503 F.3d at 654–55 (7th Cir. 2007) (en banc); *Romanelli v. Suliene*, 615 F.3d 847, 851–52 (7th Cir. 2010) (explaining that the denial of a motion to recruit counsel was justified by the district court's finding that the plaintiff had not tried to obtain counsel)).

The plaintiff claims to have contacted ten law firms with requests for representation. None of these requests have been successful. The Court finds the plaintiff has made an adequate attempt to recruit pro bono counsel on his own.

To decide the second question, the Court considers "whether the difficulty of the case— factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Olson*, 750 F.3d at 712 (quoting *Pruitt,* 503 F.3d at 655).

The plaintiff has successfully pleaded his case and filed numerous motions in this action that clearly set out his requests. He has earned a G.E.D., has access to his facility's law library (although the Court notes that his access is limited as a result of the COVID-19 pandemic), and is receiving assistance from other inmates. Further, the legal and factual issues in this case are not overly complex.

Although all pro se litigants would likely benefits from the assistance of counsel, the plaintiff has not demonstrated that his needs exceed those of the average pro se inmate. Accordingly, the motion for assistance recruiting counsel, dkt. [44], is **denied without prejudice**. If this case proceeds to trial or settlement conference, the Court will reconsider the plaintiff's motion for assistance recruiting counsel.

### IV.

On April 21, 2020, the plaintiff filed a motion requesting specific items of discovery from the defendants. On May 13, 2020, the plaintiff filed another motion requesting additional items of discovery from the defendants. These motions, dkts. [47] and [53], are **denied**. The plaintiff must coordinate with defense counsel regarding all requests for discovery. The plaintiff must make a good faith effort to resolve discovery disputes with defense counsel before asking the Court to compel discovery. *See* Fed. R. Civ. P. 37(a)(1).

On May 4, 2020, the plaintiff filed a motion for discovery materials, asking the Court to comb through the filings in an unrelated civil action and provide him with emails that were designated as evidence. This motion, dkt. [49], is **denied**.

### V.

On May 13, 2020, the plaintiff filed a motion for continuance, seeking to postpone the proceedings in his prison disciplinary case until the resolution of this action. On May 19, 2020, the plaintiff filed a motion to correct, informing the Court that the motion for continuance was filed in error and requesting to withdraw the motion. The motion to correct, dkt. [58], is **granted**, and the motion for continuance, dkt. [52], is **withdrawn**.

## VI.

On June 4, 2020, the plaintiff filed a motion requesting that the Court tell him the balance he owes for the filing fee in this action. The motion, dkt. [60], is **granted**. To date, the plaintiff has made partial filing fees totaling $32.89. *See* dkts. 12, 21, 31, 51. This leaves the plaintiff with an unpaid balance of $317.11.

## VII.

To summarize, the motion to correct, dkt. [41], motion to supplement pleadings, dkt. [43], motions for discovery, dkt. [47]; dkt. [53], and motion for discovery materials, dkt. [49], are **denied**. The motion for counsel, dkt. [44], is **denied without prejudice**. The motion to correct, dkt. [58], and motion for filing fee balance, dkt. [60], are **granted**, and the motion for continuance, dkt. [52], is considered **withdrawn**.

**SO ORDERED**.

Date: 7/27/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL T. ROBINSON
963827
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Marley Genele Hancock
INDIANA ATTORNEY GENERAL
marley.hancock@atg.in.gov

Joshua Robert Lowry
INDIANA ATTORNEY GENERAL
joshua.lowry@atg.in.gov