UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL T. ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00560-JPH-MJD |
| ) | |
| AMBER WALLACE, et al. ) | |
| ) | |
| Defendants. ) | |

**Order on Motion for Preliminary Injunction and Temporary Restraining Order**

On December 3, 2019, the plaintiff filed a motion for a temporary restraining order. On January 27, 2020, the plaintiff filed a motion for a preliminary injunction, requesting the same equitable relief as the motion for a temporary restraining order. For the reasons explained below, the plaintiff's motion for a preliminary injunction, dkt. [16], and motion for a temporary restraining order, dkt. [7], are **denied**.

**I. Legal Standard**

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). "To survive the threshold phase, a party seeking a preliminary injunction must satisfy three requirements." *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018) (internal quotations omitted)). The party must show that: (1) "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the merits." *Id.* Only if the moving party meets these threshold requirements does the court then proceed to the balancing phase of the analysis. *Id*. In the balancing phase, "the court weighs the

1

irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id*.

## II. Background

The Court's screening order recognized and allowed the following claims to proceed: (1) a First Amendment claim based on the destruction of returned, undelivered legal mail; and (2) a First Amendment claim based on the rule against an inmate possessing other inmates' legal documents.  Dkt. 34. The plaintiff's motion for preliminary injunction requests that the Wabash Valley Correctional Facility's (WVCF) policy regarding the destruction of returned, undelivered legal mail this policy be discontinued during the pendency of this case, and the discontinuation of a WVCF law library bathroom policy and an order prohibiting retaliation against inmates for filing civil rights lawsuits or for assisting one another with litigating civil rights lawsuits.

On June 16, 2020, the Indiana Department of Correction ("IDOC") enacted Executive Order #20-30. Dkt. 64-1. This Executive Order provides, in part:

> Staff shall inspect any Legal Mail or Privileged Correspondence returned to the facility from the Post Office. If a visual inspection of the mail does not indicate anything unusual or suspicious (e.g., When the returned item is noted on facility logs of outgoing mail), the mail shall be treated as incoming Legal Mail or Privileged Correspondence, and opened in the presence of the offender only to check for contraband/prohibited property and, if no contraband/prohibited property is found, it shall be given to the offender.

*Id.* at 3. Executive Order #20-30 will go into effect on July 6, 2020. *Id.* at 1.

## III. Discussion

### A. Legal Mail Policy

Regarding the motion to enjoin the legal mail policy at issue in this case, the plaintiff has not shown that he is likely to suffer irreparable harm without a preliminary injunction. Executive Order #20-30 rescinds the policy at issue in this action and will likely ensure that the plaintiff's

2

legal mail is not summarily destroyed in the future. For this reason, the plaintiff has not demonstrated a "clear need" for a preliminary injunction, and the Court will not grant this "extraordinary" remedy. *Turnell*, 796 F.3d at 661.

### B. Policy Prohibiting Inmates from Possessing Legal Materials of Other Inmates

The plaintiff's request to discontinue the WVCF policy prohibiting inmates from possessing other inmates' legal materials must be denied because the plaintiff has not demonstrated "some likelihood of success on the merits."

Restrictions on prisoners' communications to other inmates are constitutional if the restrictions are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). In assessing the reasonableness of the regulation at issue, courts consider four factors. First, there must be a "valid, rational connection" between the prison regulation and the legitimate interest put forward to justify it. *Id.* at 89-90. Second, courts consider whether prisoners have an alternative means of exercising the right impinged by the regulation. *Id.* at 90. Third, courts consider the impact that accommodating the constitutional right will have on guards, other inmates, and prison resources generally, *id.*, affording prisoner administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Fourth, courts consider whether there are "ready alternatives" that would satisfy the goals of the regulation without substantially infringing on prisoners' constitutional rights. *Turner*, 482 U.S. at 90-91.

The Supreme Court and the Seventh Circuit have held that prisoners do not have a First Amendment right to provide legal assistance to fellow inmates beyond the protection normally accorded to prisoners' speech. *Shaw v. Murphy*, 532 U.S. 223, 231 (2001); *Perotti v. Quinones*,

448 F. App'x 141, 146 (7th Cir. 2012). The plaintiff has not demonstrated that the facts of his case are distinguishable from those in *Shaw* or *Perotti*, nor has he demonstrated that the factors set forth in *Turner* support his claim. The policy appears to bear some relation to concerns for inmate privacy. *See* dkt. 64, p. 7. The plaintiff's access to the WVCF law library provides an alternative to reading or possessing other inmates' legal documents and relying on other inmates for advice on how to litigate his claims. The Court affords wide-ranging deference to prison officials' administrative regulations, and the plaintiff has not demonstrated a ready alternative to the regulation at issue in this case. For these reasons, his request to discontinue the WVCF policy prohibiting inmates from reading or possessing other inmates' legal documents is denied.

### C. Other Relief Requested

The plaintiff's remaining requests for preliminary injunction are either unrelated to this action or seek nothing more than an order prohibiting the defendants' from engaging in unlawful retaliation. A court may only grant a motion for injunctive relief if there is a relationship between the injury claimed in the motion and the conduct alleged in the complaint. *See, e.g., Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). Likewise, "[a]n injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court." *Maddox v. Wexford Health Sources, Inc.*, 528 Fed. Appx. 669, 672 (7th Cir. 2013) (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)).

### IV. Conclusion

For the reasons explained above, the plaintiff's motion for a temporary restraining order, dkt. [7], and motion for preliminary injunction, dkt. [16], are **denied**.

**SO ORDERED**.

Date: 9/16/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL T. ROBINSON
963827
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Marley Genele Hancock
INDIANA ATTORNEY GENERAL
marley.hancock@atg.in.gov

Joshua Robert Lowry
INDIANA ATTORNEY GENERAL
joshua.lowry@atg.in.gov