UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL T. ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00560-JPH-MJD |
| ) | |
| AMBER WALLACE, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

Michael Robinson has filed a motion for a temporary restraining order, a motion for a preliminary injunction, a letter for record, and a document titled, "Plaintiff's Status." All of these filings ask the court to issue an injunction prohibiting officials at Miami Correctional Facility from denying him access to legal mail or the offender grievance process. For the reasons explained below, his requests for a preliminary injunction are **DENIED**.

**I. LEGAL STANDARD**

Federal Rule of Civil Procedure 65 authorizes district courts to issue a preliminary injunction against a party; a party's officers, agents, servants, employees, or attorneys; or other persons who are in active concert or participation with such persons. A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit and deals with a matter presented in that underlying suit. *Kaimowitz v. Orlando, Fla.,* 122 F.3d 41, 43 (11th Cir.1997) (citing *De Beers Consol. Mines v. U.S.,* 325 U.S. 212, 220 (1945)); *see also Omega World Travel v. TWA,* 111 F.3d 14, 16 (4th

Cir.1997); *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir.1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") (citing *Penn v. San Juan Hosp., Inc.,* 528 F.2d 1181, 1185 (10th Cir.1975)); *Alston v. City of Madison,* 2014 U.S. Dist. LEXIS 106317, 2 (W.D. Wis. Aug. 4, 2014) ("[T]he general rule is that a plaintiff may not obtain injunctive relief on issues that do not relate to the claims asserted in the complaint.").

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.,* 796 F.3d 656, 661 (7th Cir. 2015). The plaintiff first must show that "(1) without this relief, it will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) it has some likelihood of prevailing on the merits of its claims." *Speech First, Inc. v. Killen,* 968 F.3d 628, 637 (7th Cir. 2020). If the plaintiff meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.*

"A movant's showing of likelihood of success on the merits must be strong." *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020) (quotation marks omitted). A "better than negligible" likelihood of success is not enough. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762–63 (7th Cir. 2020). The precise likelihood of success required depends in part on the balance of harms: "the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020).

2

## II. BACKGROUND

### A. Legal Mail Policy

When Mr. Robinson filed this lawsuit, Wabash Valley Correctional Facility had a policy about incoming legal mail marked "return to sender." Such mail was opened and inspected outside the presence of the receiving prisoner. If no contraband was found, the mail was destroyed, and the prisoner was given a notice of destruction and a photocopy of the front of the envelope. The policy was approved by Warden Richard Brown and implemented by Amber Wallace. *See* dkt. 24 (amended complaint).

In 2019 and 2020, several prisoners at Wabash Valley, including Mr. Robinson, filed civil rights lawsuits to stop prison officials from enforcing this policy.[1] As a result, the policy was vacated on June 16, 2020. *See Sweeney*, 2:19-cv-285-JPH-MJD, dkt. 64-1 (settlement agreement).

Under IDOC Executive Directive #20-30, prison officials at all facilities now make a "virtual inspection" of incoming legal mail marked "return to sender." If the mail does not appear suspicious, it is opened in the presence of the prisoner and given to the prisoner if it does not contain contraband. If the mail does appear suspicious, it is opened outside the prisoner's presence and photocopied for the prisoner if it does not contain contraband. *Id.* at paras. 6, 7.

---

[1] *Sweeney et al. v. Wallace et al.*, 2:19-cv-285-JPH-MJD; *Taylor v. Wallace et al.* 2:19-cv-416-JPH-MJD.

Mr. Robinson is suing Warden Brown and Ms. Wallace over Wabash Valley's old legal mail policy. Dkt. 34, pp. 2-3. He also claims that Ms. Wallace delayed his outgoing legal mail when he complained about the policy. *Id.* at 2.

### B. Legal Document Policy

When Mr. Robinson filed this lawsuit, Wabash Valley had a policy that prohibited prisoners from possessing each other's legal documents. Dkt. 107-1, p. 7, para. T(4). This policy was approved by Warden Brown. Dkt. 107-3, para. 4. He approved this policy because, in his experience, letting prisoners possess legal materials about the reasons for other prisoners' confinement led to assaults, extortion, and manipulation. *Id.* at para. 8. This policy was vacated on July 15, 2020. *Id.* at para. 11; dkt. 107-2, p. 7, para. T.

Mr. Robinson is suing Warden Brown over his approval of this policy. Dkt. 34, pp. 2-3.

### C. Requests for Injunctive Relief

Mr. Robinson was transferred to Miami Correctional Faculty in October 2021. *See* dkt. 113 (notice of change of address). The next month, he filed a motion for a temporary restraining order. Dkt. 114. He alleges: "At Miami Correctional Facility, incoming mail is brought to the prisoner, opened, copied, and the original immediately destroyed." *Id.* at para. 3 (cleaned up). This is a "blanket" policy meant to keep prisoners from receiving illegal substances applied to paper mail. *Id.* at para. 4. The motion seeks to enjoin the defendants from implementing this policy, delaying Mr. Robinson's legal mail, and retaliating against him for filing this lawsuit. *Id.* at para. 6.

A few weeks later, Mr. Robinson filed a motion for a preliminary injunction. Dkt. 118. This motion lists the same requests for injunctive relief as the motion for temporary restraining order. *Id.* at para. 2. He also filed a "Letter for Record" that said the staff at Miami refused to deliver two pieces of legal mail. One was a letter from the Office of the Indiana Attorney General. Dkt. 119, para. 1. He also has not received notices of electronic filing after e-filing documents in this Court. *Id.* at para. 2.

The Court held a telephonic status conference at the beginning of January. Mr. Robinson said there was only one time when his access to legal mail was restricted at Miami. He received a large Manilla envelope from the Office of the Indiana Attorney General, but he does not know whether it was related to this case. He said that he had received orders from this Court including the order setting the telephonic status conference. Defense counsel said that Miami's mail policy lets prisoners review the photocopies before the original mail is destroyed, but Mr. Robinson said that, in practice, these reviews are illusory. The Court instructed defense counsel to resend Mr. Robinson any legal mail that might have been inside the Manilla envelope.

In February, Mr. Robinson filed a document titled "Plaintiff's Status." Dkt. 125. He confirmed that defense counsel emailed documents in compliance with the Court's order at the telephonic status conference. *Id.* at para. 14. But he also alleged that prison staff have not given him file-stamped copies from this Court. *Id.* at paras. 1, 7-8. He also alleged that prison officials have denied him access to the offender grievance process. *Id.* at paras. 2-6.

### III. DISCUSSION

Mr. Robinson's requests for injunctive relief are not related to the claims in this lawsuit. He is suing Warden Brown and Ms. Wallace over legal mail and legal document policies at Wabash Valley that were rescinded more than eighteen months ago. His requests for injunctive relief involve a different policy at Miami that the defendants have no involvement with administering. Thus, his requests for injunctive relief do not deal with a matter presented in this lawsuit. *See Kaimowitz*, 122 F.3d at 43. If Mr. Robinson files a lawsuit over his access to legal mail at Miami, he may request preliminary injunctive relief in that case in accordance with Rule 65.

The policy at Miami is a "blanket" policy that is not directed at Mr. Robinson specifically. Dkt. 114, para. 4. The record does not suggest that Mr. Robinson has been singled out in retaliation for filing this lawsuit, and the Court does not need to step in to make sure he can litigate this case without retaliation.

The Court is mindful that restrictions on legal mail could impact Mr. Robinson's ability to litigate this case. For that reason, the Court ordered defense counsel to resend documents that might have been withheld. Defense counsel has complied with that order. Dkt. 125, para. 14. Out of continued concern for Mr. Robinson's ability to litigate this case, the Court will send him a copy of the public docket. If he does not have copies of any of the entries or filings in this case, he may request those items from the Clerk or file a motion for copies.

Mr. Robinson alleges that officials at Miami have interfered with his use of the offender grievance process. This is not an appropriate basis for preliminary injunctive relief. Like his allegations about Miami's legal mail policy, these allegations are unrelated to the claims in this lawsuit. Also, "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011). If prison officials are denying Mr. Robinson access to the offender grievance process, he would be excused from completing the grievance process before filing a lawsuit about prison conditions. *See Ross v. Blake,* 578 U.S. 632, 644 (2016) (holding that "interference with an inmate's pursuit of relief renders the administrative process unavailable" and defeats the exhaustion defense). Thus, he has "traditional legal remedies" for this alleged misconduct, and a preliminary injunction is not necessary to protect him from "irreparable harm." *Speech First, Inc.*, 968 F.3d at 637.

## IV. CONCLUSION

Mr. Robinson's requests for preliminary injunctive relief, dkts. [114] and [118], are **DENIED**. The **clerk is directed** to send Mr. Robinson a copy of the public docket for this case with his copy of this order.

**SO ORDERED**.

Date: 3/23/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

7

Distribution:

MICHAEL T. ROBINSON
963827
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov